OPINION
Defendant-appellant, Randall Leyman, appeals the June 6, 2001, Judgment Entry of the Stark County Court of Common Pleas which found him to be a sexual predator pursuant to R.C. 2950.09. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 17, 1993, appellant was indicted on two counts of gross sexual imposition for sexually abusing his four year old daughter, Kendra.[1]
On October 25, 1993, appellant was indicted again.[2] This indictment consisted of two counts of statutory rape, with force specifications, one count of statutory felonious sexual penetration, with force specification, one count of gross sexual imposition, involving a child under the age of 13, and one count of child endangering. The charges were the result of appellant sexually abusing his eight year old stepdaughter, Erica. The abuse occurred as a continuing course of conduct from November 25, 1991, through August 31, 1992.
On November 29, 1993, in the case involving Kendra, the State dismissed one of the counts of gross sexual imposition. The other count proceeded to trial on November 29, 1993. On December 1, 1993, the jury found appellant guilty of the charged offense. On December 7, 1993, appellant was sentenced to a determinate sentence of two years imprisonment and a $5,000.00 fine. Appellant appealed his sentence and conviction.
While the appeal of the conviction in the case involving Kendra was pending, on March 23, 1994, the indictment in the case involving Erica was amended and appellant pled guilty to the amended indictment. The felonious sexual penetration charge contained in the original indictment was changed to sexual battery, with a physical harm specification. The count of gross sexual imposition remained unchanged. The remaining charges were merged into the sexual battery count. Appellant was sentenced to an indeterminate sentence of four to ten years of incarceration.
Subsequently, by Opinion and Judgment Entry filed October 17, 1994, this court reversed appellant's conviction and sentence in the case involving Kendra and remanded the matter to the trial court for a new trial. However, upon remand, the State moved to dismiss the remaining count of gross sexual imposition. The State's motion to voluntarily dismiss claimed that due to the child victim's fear and inability to testify to the matter and due to the sentencing guidelines in Case No. 1993CR3908 (case involving Erica), a retrial of the matter would only serve to be detrimental to the victim and appellant. State's Motion to Voluntarily Dismiss, filed March 16, 1995. The trial court granted the State's Motion on March 17, 1995.
While serving the sentence imposed after appellant's guilty plea to charges involving Erica, the Ohio Department of Rehabilitations and Corrections recommended that appellant be classified as a sexual predator. Prior to a sexual predator classification hearing, appellant motioned the trial court to appoint a psychologist as an expert witness. The trial court denied that motion.
On May 24, 2001, the trial court conducted a sexual predator classification hearing pursuant to R.C. 2950.09. At that hearing, the State presented the testimony of Sally Burrier (the mother of Erica and Kendra), Jean Frateschi (Erica's grandmother with whom Erica lived at the time of the offense) and Kendra. In addition, the State introduced a letter from the Pickaway Correctional Institute, the H.B. 180 sexual predator screening instrument dated March 28, 1997, an institution summary report, the bill of particulars from Case No. 1993CA3908 (the case involving Erica) and the Judgment Entry dismissing Case No. 1993CR3433 (involving Kendra). Appellant testified on his behalf.
Following the hearing, on June 6, 2001, the trial court issued a Judgment Entry, classifying appellant as a sexual predator. It is from the June 6, 2001, Judgment Entry that appellant appeals, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED HEARSAY STATEMENTS TO BE INTRODUCED INTO EVIDENCE.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION FOR THE APPOINTMENT OF A PSYCHOLOGIST.
 ASSIGNMENT OF ERROR III
 THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE H.B. 180 HEARING ATTORNEY FAILED TO OBTAIN ALL THE NECESSARY RECORDS FROM THE APPELLANT'S STATE CORRECTIONAL INSTITUTE IN ORDER TO CONDUCT THE HEARING.
 ASSIGNMENT OF ERROR IV
 THERE WAS INSUFFICIENT EVIDENCE TO DETERMINE THAT THE APPELLANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR.
In the fourth assignment of error, appellant contends that there was insufficient admissible evidence to determine that appellant should be classified as a sexual predator. We find that, even should this court exclude the contested evidence, there was sufficient evidence upon which the trial court could have based its finding that appellant should be classified as a sexual predator. We will address appellant's fourth assignment of error first.
 IV
In assignment of error IV, appellant contends that there was insufficient evidence to determine that appellant should be classified as a sexual predator. We disagree.
Appellant argues that the testimony of Jean Frateschi and Sally Burrier was unreliable hearsay and inadmissible at the hearing.[3] Further, appellant contends that Kendra Leyman's testimony concerned a case that was ultimately dismissed by the State. Appellant asserts that the remaining evidence presented by the State was insufficient and did not provide clear and convincing evidence that appellant should be classified as a sexual predator.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making a determination as to whether an offender should be adjudicated a sexual predator, the trial court shall consider all relevant factors, including, but not limited to all of the factors specified in division (B)(2) of R.C. 2950.09. See R.C. 2950.09(C)(2)(b). Those factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. 2950.09(C)(2)(b). We review appellant's assignment of error under the manifest weight of the evidence standard set forth in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279; see e.g. State v. Elbert (March 20, 2000), Stark App. No. 1999CA00193, unreported, 2000 WL 329899. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
There is no question that appellant was convicted of sexually oriented offenses. The issue is whether there was sufficient evidence presented to show appellant is likely to engage in the future in one or more sexually oriented offenses.
Even without consideration of the challenged evidence, the evidence before the trial court was sufficient upon which to base the trial court's decision to classify appellant as a sexual predator. At the conclusion of the sexual predator hearing the trial court made several specific findings. We find that nearly all of those findings could have been made by the trial court without considering the challenged testimony. The findings which could have been made without references to the challenged testimony are summarized below:
 1. There was a disparity in the ages of appellant and the victim. The appellant was 32 years of age at the time of the offense. Erica, the victim, was 8 years of age.
 2. There was a demonstrated pattern of abuse. Appellant's actions were not isolated but a continuous course of conduct, occurring between November 25, 1991, and August 31, 1992.
 3. Multiple offenses occurred in the relatively short period of time. Appellant was charged with 2 counts of statutory rape, with force specifications, 1 count of statutory felonious sexual penetration, with force specification, 1 count of gross sexual imposition, involving a child under the age of 13 and 1 count of child endangering. Appellant entered into a plea agreement whereby he pled guilty to one count of sexual battery, with a physical harm specification, and 1 count of gross sexual imposition. The remaining charges were merged into the sexual battery count, with a physical harm specification.
 4. Appellant displayed cruelty and/or made threats against Erica. Three of the charges included force specifications and the conviction, into which those charges were merged, included a physical harm specification.
 5. Appellant was Erica's step-father and therefore had a special relationship with the victim.
 6. In his own defense, appellant testified as to his participation in sexual offender programs in prison and as to his intended conduct after his release from prison.
Based upon the above factors, we find that there was sufficient evidence to support the trial court's finding that appellant is likely to engage in one or more sexually oriented offenses in the future. The trial court's decision is not against the manifest weight of the evidence.
We feel compelled to note that, while not determinative of the issues before this court, the trial court did not error in admitting testimony and evidence regarding an alleged second victim of appellant even though he was not convicted of an offense involving that child victim. The alleged second victim was appellant's daughter who was four years of age at the time of the alleged offense. The trial court admitted this evidence pursuant to R.C. 2950.09(B)(2)(j) (any additional behavior characteristics that contribute to the offender's conduct).
A trial court must consider all relevant factors and is not limited to those delineated in the statute. See R.C. 2950.09(B)(j), supra.; Statev. Reed (May 16, 2001), Jefferson App. No. 00 JE 22, unreported; Statev. Burgess (July 10, 2000), Fayette App. No. CA99-08-021, unreported. As long as the evidence meets the minimum standard of "reliable hearsay", the evidence is admissible. Reed, supra (relying upon State v. Cook
(1998), 83 Ohio St.3d 404, 425). Further, as noted in Reed, various appellate courts have found that evidence of uncharged sexual assaults is admissible at a sexual predator hearing. Reed, supra (citations omitted); Burgess, supra.
In this case, Kendra herself testified that appellant sexually abused her and Kendra's mother testified that appellant admitted to the abuse while she and appellant were speaking on the telephone. Such testimony is admissible and relevant to the trial court's decision as to whether appellant is likely to re-offend. Further, this testimony was not hearsay, let alone "unreliable hearsay".
Appellant's fourth assignment of error is overruled.
 I
We now turn to appellant's first assignment of error. Appellant contends that the trial court abused its discretion when it admitted inadmissible hearsay.[4] We find, as noted previously, that even if the testimony challenged as inadmissible hearsay was inadmissible, appellant was not prejudiced. To warrant reversal, an error must be prejudicial. App. R. 12(B).[5] Even without the challenged testimony there was sufficient evidence upon which appellant could be classified as a sexual predator.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that the trial court abused its discretion when it denied appellant's motion for the appointment of a psychologist as an expert witness. Appellant contends that it was not clear whether he was likely to re-offend and that, had the motion been granted, appellant would have possibly been able to present testimony that he was not likely to engage in sexually oriented offenses in the future. We find that the trial court did not abuse its discretion in denying appellant's request for the appointment of a psychologist.
The Ohio Supreme Court has stated that "[a]n expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." Statev. Eppinger (2001), 91 Ohio St.3d 158, at syllabus. The Ohio Supreme Court, in Eppinger, noted that an expert witness, such as a psychologist, may not be necessary if the offender has more than one sexually oriented offense convictions or clearly fits within a variety of factors listed in R.C. 2950.09(B)(2)(a) through (j). Hence, there may be sufficient evidence presented at the hearing, absent the testimony of an expert, which would relate to the likelihood of reoffending. Eppinger,91 Ohio St.3d at 162. In such cases, there may be no need to appoint an expert. The Court specifically acknowledged that "an offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism." Id.
In the case sub judice, the record demonstrates that a psychologist's services were not reasonably necessary to determine whether the offender was likely to engage in the future in one or more sexually oriented offenses. Appellant was 32 years of age at the time of the offense. Erica, the victim in this case, was a child 8 years of age at the time of the offenses. Appellant was convicted of two sexually oriented offenses. Two counts of statutory rape, with force specifications, one count of felonious sexual penetration, with force specification, and one count of gross sexual imposition were merged into one of the two offenses appellant was convicted of. Further, these offenses were part of a continuous course of conduct, or, pattern of abuse. These circumstances are sufficient for us to find that appellant met enough of the factors so that we find that the trial court did not abuse its discretion in denying appellant's request for a psychologist. Further, the additional testimony that appellant sexually abused his four year old daughter also adds to our conviction that the trial court did not abuse its discretion.
Appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant argues that he was denied the effective assistance of counsel when defense counsel failed to obtain institutional records pertaining to appellant's participation in sexual offender programs while in prison. We disagree.
The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. Statev. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential.Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. A court may dispose of a case by considering the second prong first, if that would facilitate disposal of the case. Bradley, 42 Ohio St.3d at 143,538 N.E.2d 373 (citing Strickland, 466 U.S. at 697.)
We find that upon consideration of the second prong of the Strickland
test, appellant has failed to demonstrate prejudice. The record does not demonstrate that the records would have created a reasonable probability of a different outcome. The trial court was aware that appellant had participated in programs. Appellant testified to his participation in sex offender programs in prison and admitted three certificates demonstrating his completion of three counseling programs. While appellant was challenged by the State on cross examination as to his testimony that he was participating in a particular sex offender program and his lack of documentation of that claim, the trial court was aware of his claim to participation and his counsel's assertion that the records were not requested by counsel and, therefore, could not be presented. Further, we find that even if documentation of appellant's records had been presented, the trial court would have likely designated appellant a sexual predator. This is especially true in light of the nature of appellant's offenses. Thus, we find that appellant has not demonstrated that he was rendered ineffective assistance of counsel.[6]
Appellant's third assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.
Costs to appellant.
Hon. Julie Edwards, P.J. Hon. Sheila Farmer, J. Hon. John Wise, J. concur.
[1] Case No. 1993CA3433.
[2] Case No. 1993CA3908.
[3] Specifically, appellant challenges the following testimony:
 Jean Frateschi (Erica's grandmother, with whom Erica was living at the time Erica disclosed the sexual abuse) testified about Erica's behavior when Erica was being taken for court ordered visitations with appellant and Erica's mother, Sally Burrier. Further, Frateschi was permitted to testify that Erica told Frateschi that Erica was being sexually abused by appellant. Appellant does not appear to challenge Frateschi's testimony that appellant continuously threatened Erica, threatening to kill her family, her pets, and her father and to beat Erica.
 Sally Burrier (Erica and Kendra's mother) testified that Kendra told Burrier that Kendra was being sexually abused by appellant. Also, Burrier testified that she became aware that appellant sexually abused Erica through Erica's grandparents and that Erica told her grandparents of the sexual abuse.
[4] The challenged testimony is delineated in footnote 3, supra.
[5] Appellant Rule 12(B) states, in pertinent part,: When the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in the appellant's brief and that the appellee is entitled to have the judgment or final order of the trial court affirmed as a matter of law, the court of appeals shall enter judgment accordingly.
[6] It should also be noted that the information in those records is outside of the record at this point in time. In other words, we have no idea how persuasive those records might be. We did not base our decision on this factor, though, because we find the unchallenged testimony overwhelmingly supports a sexual predator classification. We cannot envision how even the most glowing report would create a reasonable probability of a different outcome.